Chief Justice-'Robertson
delivered the opinion of the Court’.
Ojt the 19th of March, 1785, Sam. Tribble sold to Moses Baker, and executed a bond to convey to him by deed of general warranty, on or before the *634 lit of November, 1785, a tract ofland, of 100 acres.,on the waters of sfoner creek, in Clarke coant}’, to be off in a square in the northwest corner of Nicholas George’s survey, for the consideration of $230, of which $130 were paid, at the date of the bond, in property, anc! the remaining $100 were to be paid one year thereafter.
Baker having taken possession of the land, and paid the entire consideration, assigned to Septimus Davis,the bond fora conveyance,on the 30th December, 1797, for the sum of $550, and delivered to him the possession of the land.
On the 27th of February, 1819, Davis fiied his bill in chancery, in the Clarke circuit court, against Tribble and Baker, alleging that no conveyance of the legal title had ever been made to him; and that he had lost 22 1-2 acres, and 29 poles of the 100 acres of land, in a suit in chancery, brought by Robert Fryer against himself, said Tribble and others, on an entry, adverse and superior to that on which Trib-ble’s claim was founded,- and therefore, praying for compensation for the lost land, and a specific execution of the contract for the remainder, and also, for the costs expended by him in the suit in chancery with Fryer.
Tribble in his answer, admitted the principal allegations of the bill, but resisted a decree for a conveyance by him, chiefly, on the ground that he liad (as he averred) made a deed for the 100 acres, according to his bond, to Davis, in 1813, and that afterwards, Davis having surrendered to him that deed, and requested him to make a deed to Baker, so that Baker might convey to him for the consideration which he had paid for the assignment, he (Tribble) conveyed the laud to Baker.
Baker having failed to answer, the bill was taken for confessed against him.
The circuit court of Jessamine, to which the suit hSd been removed, decreed that Tribble should convey to Davis by deed of general warranty, so much of the 100 acres as had not been recovered by Fryer, •and that he should also pay to Davis $50 75 cents, with fire per cent Interest, from the 19th of Ma-rcir, *635 i796,Until paid; and that Baker should release to Davis ail the right which he might have to the land, and pay to him $73, with five per cent interest, from the 30th of December, 1797, until paid; and also, the costs of this suit, and $33 73 cents, the amount of costs which had been paid by Davis in defending the suit by F’ryer.
When bond for conveyance of.land, by deed with' general warranty, assigned, not error, to decree conveyance from obligee and release of claim from assignor.
The boundaries of land decreed to be convoyed should correspond with those describ» ed in obligation to convey, or decree erroneous.
To reverse this decree, Tribble and Baker bave prosecuted: this writ of error.
So much of the decree as directs a release by Baker, and a conveyance by deed of general warranty by Tribble, may not be unjust or injurious to either of them. If Tribble had conveyed to Baker, the latter ought to convey to .Davis; and Tribble should also convey, unless it had been shewn that he had fulfilled his obligation .by conveying to Baker at the instance, and for the benefit of Davis. But there is no proof whatever that Tribble' ever conveyed the legal title to Baker; nor that, if he did, he had been requested or allowed to do so by Davis, consequently, it was proper to direct Tribble to convey to Davis, and even if Baker had never received the legal title, he should not object to a decree, that he transferred, whatever right he might have.
If Tribble executed a deed to Baker, that did not vest the title in Baker, unless he accepted the deed; as the record now is, therefore, no error is perceived in the decree that Baker and Tribble should make to Davis, deeds.
But there is not an exact correspondence between, the boundaries of the land decreed tobe cohveyed, and those of the tract sold by Tribble. Whether the discrepancies in this particular, could be satisfactorily explained, this court cannot know. There is nothing in the record, to show the identity of the boundaries, and therefore, even this part of the decree cannot be sustained.
The decree for money against Baker is entirely erroneous, and against Tribble is partially s,o.
The assignment by Baker, only transferred to Da vis all the right which Baker had to the bond. Baker is not responsible to Davis on the assignment, unless Davis had failed to obtain, in a reasonable time. *636 and by t'ne employment of the requisite legal means, a proper and sufficient tifie from Tribble, or in lieu of it, the amount in damages, which might have been tecovcred against Tribble on the bond, for failing, o-r being unable to convey a perfect legal title according to the tenor of the bond. There is nothing in the assignment as set forth, which would subject Baker to any other liability than that resulting by construction °f law from ordinary assignments oi assignable instruments.
Assignee of bond, for the of la nit; ae-quires no oia.im "P011 less he fail, after using, in reasonable time, the ic-jral myans, to nooordin^to thostipula-lions of the . instrument or in damages for breach of obligation.
if obligor m cotmiyanceof lamí, be unable to convoy, no receñirse' trponassigaor, unless behave in reasonable time,prosecuted obligor to insolvency; without some enlargement of the responsibility of the assignor by-special con-’traot.
*636 , It contains no express contract; and the law implies no other than that, if a tittle could not be ob-a'nC1^ h’om Tribble, nor tht* price which Baker paid him, recovered from him by Davis, Baker would then refund to Davis the consideration which he paid to for the assignment and interest upon it, if the payment of interest should, under the peculiar cir-eumstan'stances fu' the case, be just and reasonable, The assignment did not impose on Baker any obligation, to convey the title of the land to Davis, nor to pay any thing to him, unless he should fail by legal means, properly and vigilantly exerted, to enforce against Tribble the obligations incurred by him, by executing his bond to Baker for a title.
It is immaterial whether the consideration for the assignment, was greater or less than that which pass' ed between Tribble, and Baker, whatever was paid to Baker, was given to him fo.r all the right which he held-by the bond to Tribble for the land; together with the incidental legal responsibility on the assignment. If Davis had not been content with this, he should have taken Baker’s bond instead of his assignment of Tribble’s bond.
Tips doctrine is sustained not only by reason and analogy; but also, by the express authority of this court. See Beadal vs. Stith, III. Monroe, 290.
If Tribble had even been unable to convey the Ie-gaj title, Baker would not have been responsible to unless he had prosecuted Tribhle to insolvency within a reasonable time, or unless his (Baker’s) liability had been enlarged, of modified by some com tract or arrangement with him) or by some act done by him, subsequently to the date of his assignment-
Obligor in bond for land, not assignor, responsible to assignee for costs in defending title.
Error, to de-0r interest after decree.
Where person evicted from, land, has enjoyed the use of the land, he is untitled only to interest for C years next prior to eviction, as he is bound for inrsmc profits for that period.
*637 Either the ability of Tribble to make the conveyance, or his solvency, or the delay in proceeding against him on his bond, would release Baker from any responsibility under his assignment.
There is, therefore, nothing in the record, which will justify the decree against Baker for the $¡73, the residuum of'the consideration paid to him by Davis, after deducting the amount of that from him to Trib-ble, which was decreed against Tribble, for the loss of the 22 1-2 acres.
Nor does the record exhibit any reason, for decreeing against Baker the costs of this suit, or of that by-Fryer for the land. If he were not responsible for the consideration, he was not liable for any costs. Tribble is responsible for all these costs, if Davis shall be entitled to recover them from any person.
The decree against Tribble for $50 76 cents, and accruing interest is also erroneous.
If it had been right to decree interest, the court erred in decreeing accruing interest. It had no right to decree interest, which should accrue after the decree.
A jury in assessing damages, could not have included in their amount, interest on the consideration, beyond the time ef assessment; and consequently, the-chancellor who is permitted to exercise the prerogatives of a jury, in assessing damages for a breach of the covenant,pro tanto, merely, because he has cognizance of the case by the prayer for a specific execution, lias no right to transcend the limits prescribed to a jury in a trial, in the ordinary mode at law.
But there is a more radical error than this in the decree for interest; as Davis enjoyed the possession and use of the land, he is not entitled, in equity, to interest, for more than five years previous to his eviction. The consideration and interest upon it, is the maximum which could be recovered at law on the contract, unless there had been fraud. A jury is not bound to give interest. They ought not to do so generally, when the party recovering, had enjoyed the use of the land. The chancellor, in such a case should not decree interest.
Cause remanded, with directions to dismiss the bill against assignor, unless he appear to bo responsible other,wise than up- , on his assignment.
.Monroe, for plaintiffs; Hanson, for defendant.
But as Davis was liable to Fryer for mesne profits, for five years preceeding the eviction, he woulft have a right to recover interest from Tribble for that period, prior to the eviction, and. for all the time which has elapsed since.
The case is not sufficiently prepared for a just and satisfactory decree.
On its return to the circuit court, such further proceedings must be instituted, as will enable the court to identify the boundaries with reasonablo certainty.
And the bill should be dismissed as to Baker, unless, on the further progress of the suit, and within a reasonable time, the aspect of the case, as to him, shall be so changed as to justify a decree against him.
Wherefore, it is decreed by the court, that the decree of the circuit court be reversed, and the cause remanded with instructions to set aside the former decree, called by the court, an interlocutory decree, and to make such orders as shall be necessary to enable it to render a proper decree between the parties, eon*-formably to this opinion.